## IN THE UNITED STATE DISTRICT COURT
## STATE OF UTAH,  CENTRAL DIVISION

| | |
|---|---|
| **US MAGNESIUM, LLC, a Delaware limited liability company,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**PVS CHLORALKALI, INC.,**<br><br>**Defendant.** | **RULING & ORDER**<br><br>**Case No.  2:16-cv-01021**<br><br>**District Court Judge Jill Parrish**<br><br>**Magistrate Judge Dustin B. Pead** |

This matter was referred to Magistrate Judge Pead pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Jill Parrish. (ECF No. 5.) On March 20, 2018, Plaintiff US Magnesium, LLC (Plaintiff or USMag) filed its pending short form discovery motion to compel. (ECF No. 30), *see* DUCivR 37-1.

### BACKGROUND

On September 30, 2016, USMag filed its action against Defendant PVS Chloralkali Inc. (Defendant or PVS) asserting a claim for breach of contract based, in part, on PVS's alleged failure to order the amount of hydrochloric acid (HCl) agreed to under the parties' Sales Agreement (Agreement). (ECF No. 2.)

USMag propounded its discovery requests on November 15, 2017. (ECF No. 30-2.) Plaintiff's Request for Production (RFP) 7, sought "[a]ll documents constituting, referring, or relating to any contracts between PVS and any third party pursuant to which PVS purchased, sold, and/or transferred HCl." (ECF No. 30-2, at 19-20.) PVS objected, claiming RFP 7 was unduly burdensome, overbroad and irrelevant. After negotiations between the parties, USMag agreed to narrow the scope of its request to:

1

(1) any documentation showing the volume, price, and date, of any HCl purchases PVS made from June 1, 2015 to December 31, 2017, from sellers located west of The Mississippi River in the United States and in the Canadian provinces of British Columbia, Alberta, Saskatchewan, and Manitoba; (2) documentation showing the volume, price, date, delivery destination, and means of shipment of any sale of HCl PVS made from June 1, 2015 to December 31, 2017, to purchasers located west of the Mississippi River in the United States and in the Canadian provinces of British Columbia, Alberta, Saskatchewan, and Manitoba; and (3) PVS's income statements from June 1, 2015 to December 31, 2017, for verification purposes.

(ECF No. 30-3.)

On March 6, 2018, PVS produced a ninety-six page "spreadsheet, disclosing the volume, price and date of 4,104 purchases of HCl that PVS made in the agreed-upon period and area" along with its income statements from June 2015 through December 2017. (ECF No. 32 at 2.)

## SHORT FORM MOTION

USMag seeks an order compelling "complete copies of all documents constituting, referring, or relating to any contracts between PVS and any third party pursuant to which PVS purchased, sold, and/or transferred HCl subject to the narrowed scope agreed upon by the parties." (ECF No. 30 at 3.) Plaintiff asserts the spreadsheet is insufficient and foundational documents, including PVS's contracts with other suppliers, are needed. PVS disagrees and claims that contracts with other suppliers are irrelevant, confidential and outside the scope of the parties' narrowed discovery agreement.

Both parties request an award of attorney fees and expenses.

## RULING

USMag's motion to compel is denied. The narrowed request seeks information "showing the volume, price and date" of HCl purchases and sales during the relevant time period and in the defined area. It does not request contracts with other suppliers. Indeed, the narrowed discovery specifically omits the term "contract" from the amended request. Additionally, the relevance of PVS's contracts with other suppliers is not clear. While USMag theorizes that Defendant failed to order the contracted amount of HCl because it over-committed to other suppliers, this theory is not at issue. (ECF No. 30-1, ¶5, ¶7 Declaration

of Cameron Tissington.) What is at issue is the *quantity* of HCl that PVS was required to purchase from Plaintiff and USMag does not identify any provision of the Agreement restricting PVS's ability to purchase from other suppliers. (ECF No. 2, ¶62(a) alleged breach based on failure to "order *amount of hydrochloric acid* required by Sales Agreement").

Even assuming the amount of HCl purchased from other suppliers was relevant, USMag does not explain how the spreadsheet fails to provide the "volume, price and date" requested. Although Plaintiff claims additional foundation is needed, PVS agrees to waive such evidentiary objections and concerns regarding verification are allayed by PVS's production of income statements from June 1, 2015 to December 31, 2017.

## ORDER

Accordingly, Plaintiff's motion to compel is denied. Under the circumstances, Plaintiff's motion was justified and Defendant's request for attorney fees is denied.

DATED this 12th day of April, 2018.

BY THE COURT:

_____
DUSTIN B. PEAD
Magistrate Judge, United States District Court

3