IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| US MAGNESIUM, LLC,<br><br>   Plaintiff,<br>v.<br><br>PVS CHLORALKALI, INC.,<br><br>   Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION IN LIMINE TO EXCLUDE PVS TRIAL EXHIBITS 280 AND 281 AND DENYING AS MOOT MOTION IN LIMINE TO EXCLUDE PVS TRIAL EXHIBIT 282**<br><br>Case No. 2:16-cv-1021-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff US Magnesium, LLC's ("US Mag") motion in limine to exclude Defendant PVS Chloralkali, Inc.'s ("PVS") trial Exhibits 280, 281, and 282. Oral argument on the motion was held on February 3, 2022. For the reasons presented herein, US Mag's motion is GRANTED with respect to Exhibits 280 and 281 and DENIED AS MOOT with respect to Exhibit 282.

### BACKGROUND

US Mag filed suit against PVS on September 30, 2016. US Mag and PVS subsequently stipulated to a scheduling order to govern discovery in this dispute. The scheduling order provided that the final date for the parties to supplement their disclosures and discovery under Federal Rule of Civil Procedure 26(e) would be January 26, 2018; that fact discovery would close on July 6, 2018; and that expert discovery would close on October 8, 2018. ECF No. 37.

During the course of fact discovery, US Mag requested that PVS produce "[a]ll documents constituting, referring, or relating to any contracts between PVS and any third party pursuant to which PVS purchased, sold, and/or transferred HCl from June 1, 2015 to the present." ECF No.

1

30-2 at 19. PVS objected to the request and did not produce its contracts with third parties. US Mag subsequently moved to compel PVS to produce the contracts and related documents. PVS opposed the motion, and the magistrate judge to whom the motion was referred denied it. ECF No. 34. As a result, PVS did not disclose any of its third-party contracts to US Mag during the fact discovery period. However, PVS did disclose selected third-party contracts to US Mag on January 20, 2022, after US Mag filed the instant motion.

During the course of expert discovery, PVS disclosed Jeffrey Stein, who was previously the president of PVS, as its sole expert witness. The disclosure provided, in pertinent part, that:

> The subject matter on which Mr. Stein is expected to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence includes the market conditions for the sale and resale of hydrochloric acid between the years 2015 and 2017. It is anticipated that Mr. Stein will testify that, at various times between 2015 and 2017, the market prices for HCl in the United States made it cost prohibitive for PVS to purchase HCl from US Magnesium, LLC ("USMAG") at the prices at which USMAG offered to sell HCl to PVS. Mr. Stein's testimony is supported by the data listed in Attachment 1, the source for which is Global Chlor-Alkali Report—Monthly Market Summary (published by IHS Markit).

ECF No. 45. PVS did not disclose any expert witness who would opine on US Mag's lost profits.

In advance of trial, PVS disclosed its proposed trial Exhibits 280, 281, and 282 to US Mag. Exhibits 280 and 281 are spreadsheets titled "Analysis of US Magnesium's Lost Profits (Assume 1 Employee Runs Plant)" and "Analysis of US Magnesium's Lost Profits (Assume 4 Employees Run Plant)," respectively. ECF No. 96-1, 2. The spreadsheets present various calculations, such as "Railcar Cost Analysis" and "Calculation of Profits Lost by Not Selling Additional 60 Railcars." *Id.* Exhibits 280 and 281 do not identify who conducted the calculations or any source establishing the calculations as a valid means of calculating lost profits.

Exhibit 282 presents two tables titled "HCl Purchases by PVS Chloralkali, Inc. (June 1, 2015 thru December 31, 2017)" and "HCl Sales by PVS Chloralkali, Inc. (June 1, 2015 thru

December 31, 2017)." ECF No. 96-3. The former table includes columns for "Supplier," "Location," "Long-Term Contract (C) or Spot Purchase(s) (S)," "Type of HCl," and "Comments," and the latter table includes the same columns except that "Supplier" is replaced with "Ship To." *Id.* The tables present information regarding the content of PVS's contracts with third-parties.

US Mag moves to exclude Exhibits 280, 281, and 282 from trial.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a), "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment," as well as "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *See* FED. R. CIV. P. 26(a)(1)(A)(ii), (2)(A). Moreover, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The [c]ourt considers the following factors to determine whether the failure to timely disclose or supplement was substantially justified or is harmless under Rule 37(c)(1): '(1) the prejudice or surprise to the party against whom the testimony or evidence is offered; (2) the ability

3

of the party to cure the prejudice; (3) the extent to which introducing such testimony or evidence would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Clark v. Wilkin*, No. 2:06-cv-693-TS, 2008 U.S. Dist. LEXIS 45962, at *5 (D. Utah June 10, 2008) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999)) (alterations omitted). "The burden to establish harmlessness is on the party who failed to make the required disclosure." *Sowsonicut v. Roosevelt City*, No. 2:03-cv-676-DB, 2005 U.S. Dist. LEXIS 55919, at *16–17 (D. Utah Mar. 29, 2005) (citation omitted).

## ANALYSIS

US Mag moves to preclude PVS from offering Exhibits 280, 281, and 282 into evidence at trial. US Mag argues that Exhibits 280 and 281 should be excluded because they contain expert opinions from an undisclosed expert. US Mag further argues that Exhibit 282 should be excluded because it contains "cherry-picked" information from contracts that PVS failed to disclose during discovery. The court considers each argument in turn.

**I.       Exhibits 280 and 281**

Exhibits 280 and 281 are spreadsheets titled "Analysis of US Magnesium's Lost Profits (Assume 1 Employee Runs Plant)" and "Analysis of US Magnesium's Lost Profits (Assume 4 Employees Run Plant)," respectively. US Mag contends that "these documents show someone's *opinion* about US Mag's 'lost profits' under various hypothetical scenarios" and that "[t]he 'someone' who rendered these opinions has never been identified as an expert in this case pursuant to the disclosure requirements of [R]ule 26." ECF No. 96 at 10. Because "no expert was disclosed [who] could testify regarding the exhibits," US Mag asserts that the "exhibits should be excluded." *Id.*

4

PVS responds that the "analysis in Exhibits 280 and 281 is based on information produced during discovery in this case" and that, although the exhibits include calculations, "[t]hey merely represent basic mathematical analysis any lay person could conduct of the facts already produced and presented by the parties." ECF No. 100 at 3–4. PVS argues that, "[t]herefore, these exhibits do not require expert designation for admission." *Id.* at 4. PVS further argues that, even if the court determines that the exhibits require expert testimony, they still should not "be excluded pretrial, because PVS should have the opportunity to lay any missing foundation for these exhibits through Jeff Stein, PVS's disclosed/non-retained expert." *Id.* At oral argument, PVS similarly contended that the foundation for the exhibits could be laid through David Nicholson, PVS's CEO of Manufacturing, who PVS disclosed as a fact witness in this case. The court disagrees and excludes Exhibits 280 and 281.

"Federal Rule of Evidence 701 sets the boundaries for lay-witness testimony: it must be '(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge.'" *United States v. Brown*, 654 F. App'x 896, 902 (10th Cir. 2016) (unpublished) (quoting FED. R. EVID. 701). Within the Tenth Circuit, courts

> consider four factors in determining whether the testimony at issue is lay witness testimony or is, in fact, expert testimony offered as lay testimony. First, [courts] consider whether the testimony meets the requirements of Rule 701 set forth above. Second, [courts] consider whether the testimony was based on professional experience. Lay witness testimony can rely on "a limited amount of expertise," so long as the "opinions or inferences . . . could be reached by any ordinary person." A witness who *possesses* "scientific, technical or other specialized knowledge" can testify as a lay witness so long as the testimony *is not based* on such knowledge. . . . Third, [courts] consider whether the expert relied on "a technical report by an outside expert." Finally, [courts] consider how the Federal Rules of Evidence generally classify the testimony at issue.

*Id.* at 903 (internal citations omitted).

5

Here, expert testimony is required to introduce Exhibits 180 and 181. Although much of the data presented in Exhibits 180 and 181 may have come from US Mag's discovery disclosures, and although the mathematical operations underlying the calculations may be relatively simple (e.g., multiplication, subtraction, and addition), the formula presented in the exhibits, the determination of which data to input into the formula, and the assumptions included in the calculations are all based on "specialized knowledge." *See* FED. R. EVID. 701. Indeed, it would be beyond the common knowledge of "any ordinary person" to conduct the railcar cost analysis and calculation of profits lost by not selling an additional 60 railcars, along with most—if not all—of the other calculations presented in the exhibits. *See Brown*, 654 F. App'x at 903 (citation omitted). Because the calculations presented in the exhibits are based on specialized knowledge, the exhibits may only be introduced through expert testimony. *See* FED. R. EVID. 701; *see also United States v. Yeley-Davis*, 632 F.3d 673, 684 (10th Cir. 2011) ("[T]he distinction between lay and expert testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." (citation omitted)); *Curtis v. Okla. City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200, 1218–19 (10th Cir. 1998) ("Expert testimony is appropriate when it relates to issues that are beyond the ken of people of ordinary intelligence." (citation omitted)).

Thus, the court considers whether PVS may introduce the exhibits through the testimony of its expert, Jeff Stein.[1] During expert discovery, PVS disclosed Stein as a non-retained expert. PVS's disclosure, in pertinent part, provided the following:

---

[1] Because PVS did not disclose Nicholson as an expert witness—and did not produce a written report by Nicholson or a disclosure summarizing "the facts and opinions to which [Nicholson] is expected to testify," *see* FED. R. CIV. P. 26(a)(2)(A)–(C)—PVS may not introduce expert testimony through Nicholson at trial. *See* FED. R. CIV. P. 37(c)(1).

6

> The subject matter on which Mr. Stein is expected to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence includes the market conditions for the sale and resale of hydrochloric acid between the years 2015 and 2017. It is anticipated that Mr. Stein will testify that, at various times between 2015 and 2017, the market prices for HCl in the United States made it cost prohibitive for PVS to purchase HCl from US Magnesium, LLC ("USMAG") at the prices at which USMAG offered to sell HCl to PVS. Mr. Stein's testimony is supported by the data listed in Attachment 1, the source for which is Global Chlor-Alkali Report—Monthly Market Summary (published by IHS Markit).

ECF No. 45.

Under Federal Rule of Civil Procedure 26(a)(2)(C), a nonretained expert must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and . . . a summary of the facts and opinions to which the witness is expected to testify." Here, PVS did not disclose that Stein would opine on US Mag's lost profits, or on the appropriate way to calculate a company's lost profits. If PVS intended for Stein to provide expert testimony on such issues, it was required to disclose that information under Federal Rule of Civil Procedure 26(a)(2)(C). Because PVS failed to make such a disclosure, Stein may not provide such testimony at trial, unless PVS's failure "was substantially justified or is harmless." *See* FED. R. CIV. P. 37(c)(1). Although it is PVS's burden to establish that its failure was substantially

---

Moreover, PVS's Rule 26(a)(1)(A)(i) disclosure for Nicholson provided that Nicholson would potentially provide testimony regarding:

> The parties' respective negotiation of, and performance under, the Contracts; communications between the parties; USMAG's acceptance and use of the Subleased Railcars; USMAG's claimed affirmative defenses to liability for payment for the Subleased Railcars; the parties' separate handling of, and accounting for, transactions under the Commercial Agreement, the Sales Agreement, the ARL Railcar Sublease, the GATX Railcar Sublease and the UTLX Railcar Sublease; contractual agreements; contractual defenses; waiver; and other relevant information that may be discovered during the course of discovery.

ECF No. 105 at 4. PVS did not disclose that Nicholson would potentially provide testimony regarding US Mag's lost profits. Accordingly, PVS may not introduce Exhibits 180 and 181 through Nicholson.

justified or harmless, it has not provided any argument or evidence that would support such a conclusion. *See Sowsonicut*, 2005 U.S. Dist. LEXIS 55919, at *16-17. And, in fact, the court concludes that PVS's failure was neither substantially justified nor harmless. Specifically, although there does not appear to be any evidence that PVS's failure to disclose Stein's testimony on US Mag's lost profits was the result of bad faith or willfulness, US Mag would be significantly prejudiced by Stein's testimony because US Mag has had no opportunity to depose Stein regarding the damages analyses reflected in Exhibits 280 and 281 or to retain an expert to rebut Stein's testimony.[2] Such prejudice could only be cured by providing US Mag with the opportunity to retain such an expert and to potentially depose Stein regarding such opinions, but that would substantially delay and disrupt trial, which is scheduled to begin in approximately one week. Therefore, PVS's failure is neither substantially justified nor harmless.

The court further notes that Federal Rule of Evidence 702 "imposes a gatekeeping function on district courts to ensure expert testimony is admitted only if it is relevant and reliable." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1217 (10th Cir. 2016). Under Rule 702, expert testimony is admissible only if "the testimony is the product of reliable principles and methods [and] . . . the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702. "The proponent of expert testimony bears the burden of showing that the testimony is admissible." *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013). Thus, an additional ground for excluding Stein's testimony regarding the exhibits is that PVS has provided no evidence that the damages calculations presented in the exhibits are reliable. *See id.*; FED. R. EVID. 702. Therefore, expert testimony regarding such damages calculations is inadmissible.

---

[2] Expert discovery concluded on October 8, 2018. ECF No. 37 at 3.

8

Because PVS has no expert witness through whom Exhibits 180 and 181 can be introduced, the court grants US Mag's motion and excludes those exhibits from trial. *See United States v. Quintana*, 466 F. App'x 533, 536 (6th Cir. 2012) (unpublished) ("To be admissible, a summary exhibit 'must be accurate and nonprejudicial' and '*properly introduced through the testimony of a witness* who supervised its preparation." (emphasis added and citation omitted)).

## II.     Exhibit 282

Exhibit 282 consists of two tables that provide information regarding PVS's purchases and sales of HCl between June 1, 2015 and December 31, 2017. US Mag argues, in part, that Exhibit 282 should be excluded because it "appears to present a cherry-picked summary of certain contractual obligations that PVS purports to have had to various producers and customers," and PVS did not disclose the underlying contracts—"and in fact vigorously opposed US Mag's Motion to Compel addressing those very documents"—during discovery, in violation of Federal Rule of Civil Procedure 26(a). ECF No. 96 at 8.

Following oral argument, PVS withdrew Exhibit 282. The court therefore denies as moot US Mag's motion to exclude Exhibit 282.

## III.    Additional Issue Raised at Oral Argument

Before oral argument, the parties submitted trial briefs that included the parties' anticipated trial witnesses and the topics to which each witness is anticipated to testify. At oral argument, US Mag objected that some of the anticipated testimony that PVS disclosed in its trial brief for witnesses Stein and Nicholson falls outside of PVS's Rule 26 disclosures for those witnesses and, therefore, should be excluded. The court defers ruling on these objections until trial. To the extent that Stein's and Nicholson's testimony at trial falls within the broad categories of testimony that PVS disclosed to US Mag pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), the court

9

will allow the testimony. However, if, at trial, US Mag believes that Stein or Nicholson is providing testimony that is not encompassed by those broad categories, US Mag may raise an objection and the court will consider the objection at that time.

## CONCLUSION AND ORDER

For the foregoing reasons, US Mag's motion to exclude Exhibits 280 and 281 is GRANTED and its motion to exclude Exhibit 282 is DENIED AS MOOT.

DATED February 7, 2022.

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge